IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHELBY TRAILER SERVICES, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-586-C |
| ) | |
| RAMPAK GROUP, INC., ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DINGYO CONSTRUCTION CORP., ) | |
| ) | |
| Third Party Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Defendant/Third-Party Plaintiff, Rampak Group, Inc., filed the present motion seeking to recover attorney's fees expended in prosecuting this action. Rampak asserts it is entitled to recover fees as it is the prevailing party and 12 Okla. Stat. § 940 authorizes an award of fees in this case.* Although the time for response has passed, no

---

* Because jurisdiction in this case is premised on diversity, the entitlement to attorney's fees is governed by Oklahoma law. Combs v. Shelter Mut. Ins. Co., 551 F.3d 991, 1001 (10th Cir. 2008) ("In diversity cases, attorney fees are a substantive matter controlled by state law.").

response has been filed. Accordingly, the Court will accept as true the factual assertions in Rampak's motion.

Rampak is clearly the prevailing party in this action, as the Court awarded default judgment in its favor on August 12, 2009. Rampak's request is timely, having been filed within 14 days from the date judgment was entered. See Fed. R. Civ. P. 54.

As noted, Rampak's request is governed by 12 Okla.Stat. § 940. In pertinent part, that statute states:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Rampak's claim in this matter falls within the scope of this statute. Thus, Rampak is entitled to recover its attorney's fees. Rampak has attached as exhibits to its motion billing records reflecting the time spent on a project and the amount charged for the work. Rampak has also included an affidavit setting forth counsel's experience, hourly rate, and counsel's attestation that the time spent on each project was reasonable. The Court, having reviewed the evidentiary materials and the arguments raised in the brief, finds the time expended and the hourly rates charged to be reasonable. Accordingly, Rampak is entitled to recover attorney's fees in the amount of $32,152.75.

For the reasons set forth herein, Defendant/Third-Party Plaintiff, Rampak Group, Inc.'s, Motion for Attorney's Fees (Dkt. No. 45) is GRANTED. Rampak is entitled to

recover from Third Party Defendant Dingyo Construction Corp. the sum of $32,152.75, which represents the reasonable attorney's fees expended in prosecuting this action.

IT IS SO ORDERED this 28th day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge